571 S.E.2d 292

In the Matter of F. Mikell HARPER, Respondent.

No. 25534.

Supreme Court of South Carolina.

Submitted Aug. 26, 2002.

Decided Oct. 14, 2002.

Henry B. Richardson, Jr. and Assistant Deputy Attorney General Tracey C. Green, both of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for Respondent.

## PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent conditionally admits misconduct and consents to a definite suspension from the practice of law for a period of up to nine months.[1] We accept the agreement and suspend respondent for nine months.[2] The facts as admitted in the agreement are as follows.

### *Facts*

Respondent was retained by Client, a personal acquaintance, to represent Client in various matters from January 1993 through September 1994. Client had previously recovered a sum of money in a divorce proceeding and, after consulting respondent, invested the funds in Waterhouse II, L.P (Waterhouse), a company in which respondent owned a substantial interest. Waterhouse owned property in Beaufort County, South Carolina and planned to construct and operate an assisted living complex for elderly people.

Client invested $69,500 in Waterhouse through loans evidenced by four promissory notes. The first note was in the amount of $49,500 and executed by Atlantis Title Agency (Atlantis Title), which was the general partner of Waterhouse and solely owned by respondent. The note was secured by 11% of the shares of stock in Waterhouse. A second note in the amount of $25,000 was also executed by Atlantis Title and secured by 7% of the shares of stock in Waterhouse.

A third note in the amount of $15,000 and secured by 2½% of the shares of stock in Waterhouse was executed by another acquaintance of respondent (Acquaintance) and prepared by respondent. The fourth note, also prepared by respondent, was in the amount of $5000 and unsecured. None of these

---

1. In 1997, this Court suspended respondent for 60 days for engaging in business dealings with a client. *In the Matter of Harper,* 326 S.C. 186, 485 S.E.2d 376 (1997).

2. Respondent is 62 years old and formerly practiced in Beaufort. Due to health problems, respondent has ceased the practice of law and has resided in Georgia since April 2001.

notes were paid on maturity or thereafter by respondent or Acquaintance.

Throughout all periods relevant to this agreement, respondent, Atlantis Title, and Acquaintance owned interests in Waterhouse, and respondent was the sole owner of Atlantis Title.

After respondent began representing Client, respondent became aware that Acquaintance was having significant financial difficulties, was involved in a divorce, and had filed for bankruptcy protection. However, respondent failed to advise Client of Acquaintance's financial difficulties. Respondent was also aware that Atlantis Title would be unable to honor Client's notes upon maturity, but failed to notify Client. Respondent did not advise Client how to seek legal recourse against Acquaintance and Atlantis Title, and did not inform Client that Client might have had certain remedies of recision relating to the issuance of stock in Waterhouse. Respondent also failed to advise Client that she might have been able to seek additional security for payment of the notes. Further, respondent failed to advise Client of possible conflicts of interest and that she should seek independent legal advice concerning her investments in Waterhouse.

As a result of the default on the notes, Client initiated legal proceedings. Respondent consented to an order of judgment against him to expedite recovery by the Client from respondent's insurance carrier. As a result, Client has partially recovered her claimed losses under a confidential settlement agreement with the insurance carrier.

### *Law*

Respondent admits that his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (failing to provide competent representation); Rule 1.2 (failing to abide by a client's decisions concerning the objectives of representation, and failing to consult with the client as to the means by which they are to be pursued); Rule 1.3 (failing to act with reasonable diligence and promptness while representing a client); Rule 1.4 (failure to keep a client reasonably informed about the status of a matter and failing to promptly comply with requests for information); Rule 1.7 (a lawyer

shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests); **Rule 1.8 (a lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless the terms of the transaction are in writing and fair and reasonable to the client and the client is given an opportunity to seek advice from independent counsel); Rule 2.1 (failing to exercise independent professional judgment and render candid advice to client); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).**

### *Conclusion*

We find that respondent's misconduct warrants a definite suspension. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for nine months. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.